**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>  Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br>  Interpleader Defendants <br><br> AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br>  Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**NOTICE OF SUBPOENA**

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45, Defendant Brian Watson, by and through his attorneys, Ifrah and Brownstein Hyatt Farber Schreck ,LLP, intend to serve the attached subpoena for production on IPI Partners, LLC, January 21, 2022 or as soon thereafter as service may be effectuated.

Dated: January 21, 2022                    Respectfully submitted,

s/ *Stanley L. Garnett*_____
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah M. Regan-Smith (*pro hac vice*)
Neil S. Sandhu (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregansmith@bhfs.com
nsandhu@bhfs.com

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on January 21, 2022, I will email the foregoing document to the following:

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203 Arvada, CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203 Arvada, Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver


By: s/ *Catherine Olguin*_____
Catherine Olguin, Paralegal

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions and instructions shall apply to the below Requests (the "Requests") and are capitalized solely for convenience; the definitions shall apply regardless of capitalization:

1. The term "IPI" shall mean IPI Partners, LLC, and any employee, attorney, agent, parent, subsidiary, predecessor, successor or affiliate of IPI Partners, LLC, and any division, area, or department of the foregoing.

2. The term "YOU" or "YOUR" shall mean IPI.

3. The term "ACTION" shall mean the action pending in the United States District Court for the Eastern District of Virginia, captions *Amazon.com, Inc. and Amazon Data Services, Inc. v. WDC Holdings LLC dba Northstar Commercial Partners, et al.*, Civil Action No. 20-cv-00484-RDA-TCB, and all cases consolidate under that caption.

4. The term "BLUERIDGE PURCHASE" shall mean the 2019 transaction in which Amazon purchased a Virginia property brokered by Blueridge Group LLC, as described in the COMPLAINT (Dkt. 150 at ¶¶ 314–326).

5. The term "COMMUNICATION" shall mean any conveyance or transmittal of information, whether electronic, oral, or written, and including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, e-mails, text messages, instant messages, messages sent or received through messaging apps, including but not limited to WhatsApp, or any other media that may be used to exchange or transmit information.

6. The term "COMPLAINT" shall mean the Verified Second Amended Complaint that PLAINTIFFS filed in this ACTION on September 18, 2020 (Dkt. 150), as well as all exhibits appended thereto, and any amendments thereto.

7. The term "DEFENDANTS" shall mean WDC Holdings LLC dba Northstar Commercial Partners, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, NOVA WPC LLC, White Peaks Capital LLC, Villanova Trust, Carleton Nelson, Casey Kirschner, Allcore Development, LLC, Finbrit Holdings, LLC, Cheshire Ventures LLC, collectively, and any employee, attorney, agent, parent, subsidiary, predecessor, affiliate, or successor entity of any of them, and any division, area, or department of any of the foregoing.

8. The terms "DOCUMENT" and "DOCUMENTS" shall mean each and every document and tangible thing within the meaning of the Federal Rules of Civil Procedure, including, without limitation, each and every written, typed, printed, computer-produced, photographic or other graphic matter of any kind, sound, mechanical, photographic, magnetic, electric or electronic recording or record of any kind, and any and all other means of preserving thought or expression or tangible thing from which information can be obtained, of whatever nature, whether an original or a copy, whether a draft or final version, however produced or reproduced and whether sent or received or neither. The term includes, but is not limited to, all COMMUNICATIONS (including any accounts to which YOU have access, both personal and professional), correspondence, memoranda, telegrams, telexes, facsimiles, transcripts, testimony, handwritten notes, calendars, books and diaries and entries therein, minutes of meetings, voice recordings, computer print-outs, computer files (including hard drives), e-mails (including PST files), computer disks, social media posts, texts, instant messages, photographs, tapes and records

of all types, and any other writing, data form, compilation, other recording or mechanical reproduction from which information can be obtained or translated, if necessary, into a reasonably useable form.

9. The term "IDENTIFY," when used with respect to a PERSON, shall mean to give, to the extent known: (i) their full name; (ii) their present or last known residential and business addresses; (iii) their present or last known telephone number, and (iv) when referring to a natural PERSON, additionally, their present or last known place of employment and their responsibilities with that employer. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. The term "IDENTIFY," when used with respect to DOCUMENTS, shall mean to give, to the extent known, the (i) type of DOCUMENTS, (ii) general subject matter, (iii) date of the DOCUMENT, and (iv) author(s), addressee(s) and recipient(s).

11. The terms "INCLUDES" and "INCLUDING" shall mean "including but not limited to" or "including without limitation."

12. The terms "PERSON" and "PERSONS" mean any natural person, corporation, partnership, association, trust, joint venture, firm, or other business enterprise or legal entity, and shall include each and every natural person or entity.

13. The terms "PLAINTIFFS" and "AMAZON" shall mean, collectively, "AMAZON.COM, INC." and "AMAZON DATA SERVICES, INC."

14. The term "RELATING TO" shall mean, directly or indirectly, in whole or in part, mentioning, describing, pertaining to, concerning, embodying, constituting, supporting,

corroborating, proving, evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

15. Any reference to an individual should be construed to include that individual in his or her individual capacity and in his or her capacity as a principal, owner, shareholder, member, beneficiary, or other stakeholder of any entity over which he or she has possession, custody, or control or in which he or she possesses or possessed any interest in any entity covered by these requests during the relevant time period.

16. "Any," "Each," and "All" shall each be deemed to include and encompass the words "any," "each" and "all."

17. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

18. With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

19. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the Request or Interrogatory all responses that might otherwise be construed to be outside of their scope

**20.** Terms not specifically defined shall be given their ordinary meaning. If YOU are unable to understand the meaning of any term, YOU should immediately seek clarification through YOUR counsel.

## INSTRUCTIONS

1. Any reference to an organization, including a corporation, includes its current and former officers, directors, employees, agents, and other representatives.

2.  The Subpoena to Produce Documents (the "Subpoena") calls for the production of all DOCUMENTS requested below that are in YOUR possession, custody, or control or in the possession, custody, or control of any PERSON acting on YOUR behalf, including attorneys, agents, advisors, investigators, representatives, and employees, regardless of location.

3.  DOCUMENTS are to be produced as they are kept in the usual course of business or are to be organized and labeled to correspond with the categories of the Requests below. Any DOCUMENTS that must be removed from their original folders, binders, covers, or containers to be produced shall be identified in a manner so as to clearly specify where such DOCUMENTS originated and with a copy of any title or reference on the folders, binders, covers, or containers.

4.  If YOU cannot fully respond to any Request below after exercising diligence in order to do so, then YOU should respond to such Request to the fullest extent possible, and should indicate the reason(s) for failing to respond fully. Further, YOU should provide all available information RELATING TO the Request, state whatever information or knowledge YOU have about the unanswered portion of the Request, and IDENTIFY the PERSON or PERSONS who can more fully respond to the Request.

5.  All objections to the Requests must be made in a written response and served on undersigned counsel within the time designated for responding to the Subpoena, and any such objection shall state with specificity all grounds therefor.

6.  If YOU claim that the attorney-client privilege or any other privilege, protection, or immunity is applicable to any DOCUMENT responsive to the Requests, then:

    (a) IDENTIFY the DOCUMENT;

    (b) State the kind of privilege or immunity YOU contend applies and the basis for the assertion of the privilege;

    (c) State the date of the DOCUMENT; and

    (d) IDENTIFY each and every PERSON who received the DOCUMENT.

  7.  If information is redacted from a DOCUMENT produced in response to a Request, IDENTIFY the redaction by stamping the word "REDACTED" on the DOCUMENT at each place where information has been redacted. For each redaction, provide the information in Instruction 6 above.

  8.  The Requests shall not be deemed to call for identical copies of DOCUMENTS. A DOCUMENT with handwritten notes, editing marks, or any other mark that differentiates the DOCUMENT shall **not** be deemed identical to one without such modifications, additions, or deletions.

  9.  If any DOCUMENT requested herein was at one time in existence but has been lost, discarded, or destroyed, IDENTIFY the DOCUMENT and describe the circumstances under which the DOCUMENT was lost, discarded, or destroyed, including but not limited to the identity of the PERSON(S) having knowledge of the circumstances of its loss or destruction, and the date of its loss or destruction.

  10.  DOCUMENTS in electronic form, including e-mail, shall be produced in accordance with the Federal Rules of Civil Procedure.

  11.  Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

  12.  These Requests are continuing in nature so as to require YOU to promptly amend or supplement YOUR responses if YOU obtain further or different information than that YOU have already provided.

13. The definitions and instructions used herein are chosen for clarification and the convenience of the Parties, and should not be construed as admissions.

14. The relevant time period for these requests is January 1, 2017 through the present unless otherwise stated.

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS RELATING TO DEFENDANTS.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFFS, including but not limited to, all DOCUMENTS and COMMUNICATIONS RELATING TO:

a. the nine Amazon Virginia commercial property leases which are defined and referenced in the COMPLAINT, and which involved contract engagements with the following entities executed on or around the following dates:

| Lease # | Landlord Entity | Date Executed |
|---|---|---|
| 1 | Dulles NCP LLC | February 27, 2018 |
| 2 | Dulles NCP LLC | February 27, 2018 |
| 3 | Quail Ridge NCP, LLC | April 6, 2018 |
| 4 | Quail Ridge NCP, LLC | April 6, 2018 |
| 5 | Quail Ridge NCP, LLC | April 6, 2018 |
| 6 | Quail Ridge NCP, LLC | April 6, 2018 |
| 7 | Manassas NCP LLC | November 1, 2018 |
| 8 | Manassas NCP LLC | November 1, 2018 |
| 9 | Dulles NCP II | January 13, 2020 |

b. YOUR termination of DEFENDANTS and/or their affiliates from the commercial property leases identified in subsection (a) of this Request; and

c. YOUR continued relationship with PLAINTIFFS following the termination identified in subsection (b) of this Request, including DOCUMENTS and COMMUNICATIONS RELATING TO your negotiations, drafts, and final

agreements or contracts with PLAINTIFFS concerning the properties identified in subsection (a) of this Request or any other data center properties RELATING TO PLAINTIFFS.

**DOCUMENT REQUEST NO. 3:**

All DOCUMENTS and COMMUNICATIONS with or RELATING TO Christian Kirschner, Rodney Atherton, Tim Lorman, Informant 1 as identified in the COMPLAINT, Patricia Watson, Kyle Ramstetter, and/or Will Camenson.